### Joseph Mitchell Power v. The State.

*No. 3412.   Decided February 24.*

Evidence.—See evidence stated in the opinion which, while it would show at least a most clear and indisputable case of aggravated assault and battery, is wholly insufficient to support a conviction for assault with intent to rape.

Appeal from the District Court of San Saba. Tried below before Hon. W. M. Allison.

Appellant was indicted, tried, and convicted for assault with intent to commit rape, his punishment being assessed at three years in the penitentiary.

*John F. Walters*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State, submitted the case on the record, with the statement, that "if the court thinks the evidence sufficient to sustain the conviction the judgment should be affirmed."

DAVIDSON, Judge.—Appellant was indicted for and convicted of the offense of an assault with intent to commit rape. Appellant is a youth of 17 years of age, and was living with his father's family in a tent on the farm of one Hall, in San Saba County. Mrs. Lowrance, the alleged injured female, with her husband, was also living in a tent, about 200 or 300 yards distant from the tent in which appellant and his father's family lived. All of these parties had been engaged in picking cotton for Hall.

On the 30th day of September Mrs. Lowrance did not go to the cotton-patch to pick cotton. Neither did appellant go to the field to pick

cotton, but being sick, remained at his father's tent. About 3 o'clock in the evening Mrs. Lowrance was in her tent, and had just laid her baby down, after nursing it, and was fastening up her bosom, when appellant suddenly came into the tent, and without saying anything to her, struck her two severe blows upon the head, one of which knocked her senseless. She screamed out at the first blow, and her screams were heard by her husband and other parties out in the field, who immediately rushed to the tent, where they found her wounded and bleeding profusely. As soon as appellant had knocked her senseless, he left her tent and went back to his father's. When Mrs. Lowrance's husband and Mr. Dodd reached her, after they heard her scream, she was standing just outside of the tent, and told them that a crazy man had come into her tent and tried to burst her brains out. Appellant was arrested about 9 or 10 o'clock the same evening, at his father's tent, where he was found, lying upon his bed. He was complaining of being sick. There were blood-spots upon his clothing and hat. The doctor who had been called in to attend Mrs. Lowrance also went down to the tent where appellant was, with the officers who went to arrest him, and he says they found appellant lying down and complaining of being sick, and he examined him very fully; found that he had slight fever, but was otherwise all right.

These are the essential facts disclosed by the record in this case, and we are of opinion that while they show at least a most clear and indisputable case of aggravated assault and battery, if not a higher offense, they fail to sustain the indictment and verdict for an assault with intent to commit rape. There is not the slightest particle of testimony tending to show that appellant's intention was to commit rape. Whatsoever might have been his motive for his conduct, the parties being comparatively strangers to each other, Mrs. Lowrance having only seen defendant a few times before the date of the assault, and howsoever much we may condemn his inexcusable conduct, we can not sanction the verdict and judgment which has been rendered in this case, because they are in our opinion directly contrary to the evidence; and for this reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.